**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

Dated: December 27 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. **08-32934** |
| | ) | |
| **Michael J. Cluckey and Stacie A. Cluckey,** | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION TO MODIFY

This case came before the court for hearing on December 18, 2012, upon Debtors' Motion to Modify Plan ("Motion") [Doc. # 97]. The Chapter 13 Trustee, Debtors and Attorney for Debtors appeared in person at the hearing.

The Motion was filed in response to the Chapter 13 Trustee's separate motion to dismiss, which raised feasibility issues with the plan resulting from missed monthly payments and post-petition income tax claims. As of the filing of the motion to dismiss, Debtors were over 18 months behind on their monthly plan payments and the plan was running 24 months over the statutorily allowed maximum duration. Debtors' solution to the motion to dismiss is to propose a modification that simply reduces the percentage to be paid to unsecured creditors from 100% to 19%.

The cause of Debtors' plan problems is that they failed to pay their post-petition income tax liabilities for the tax years 2008, 2009 and 2010. *See* Doc. # 86. At the same time, as Ms. Cluckey completed her nursing education and gained professional employment as an RN, the family income increased substantially from what it was pre-petition. Through under-withholding, Debtors thus had the benefit of

several years of extra cash flow until non-payment of their post-petition tax liabilities caught up to them and impaired performance of their plan. This conduct contradicts the court's September 9, 2008, plan confirmation order, which specifies, among other provisions, that Debtors are "ORDERED that during the pendency of this case, debtors shall timely file all tax returns and pay any and all post-petition tax liabilities as required by law;..." [Doc. # 25, p. 2/3]. This confirmation requirement is designed to prevent precisely what has occurred here, including in the somewhat unusual circumstance where post-petition income has increased materially.

The requirements of § 1325(a), including that a plan has been proposed in good faith, 11 U.S.C. § 1325(a)(3), apply to any proposed plan modification, 11 U.S.C. § 1329(b)(1). Debtors have violated the confirmation order without any meaningful explanation as to any hardship or necessity for doing so given their increased post-petition family income. Their amended budget [Doc. # 103] reflects no belt tightening and unapproved new expenses related to motor vehicles. With their proposed modification, Debtors are really asking their unsecured creditors to bail them out and pay their post-petition income taxes without cause and without taking sufficient financial responsibility for the consequences of the failure to pay them through proper withholding and timely when due. For these reasons the court finds that Debtors have not proposed the modified plan in good faith. The Motion will be denied, without prejudice to another proposed modification that might pass good faith muster given the circumstances of this case and their current improved financial situation.

**IT IS THEREFORE ORDERED** that Debtors' Motion to Modify Plan [Doc. # 97] is **DENIED,** without prejudice to a further proposed modification and Debtors' further performance going forward of their plan.

# # #

2

08-32934-maw    Doc 108    FILED 12/27/12    ENTERED 12/27/12 14:15:57    Page 2 of 2